## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**SABAL TRAIL TRANSMISSION, LLC,**

     **Plaintiff,**

**v.**              **Case No:   6:16-cv-474-Orl-41KRS**

**19.775 ACRES OF LAND IN OSCEOLA
COUNTY FLORIDA, B-K RANCH, L.C.,
GERALD R. MCGRATTY, JR. , and
UNKNOWN OWNERS, IF ANY,**

     **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED AMENDED MOTION TO WITHDRAW FUNDS FROM THE COURT REGISTRY (Doc. No. 54)** |
| **FILED:** | **August 16, 2016** |

### I.  BACKGROUND.

   Plaintiff, Sabal Trail Transmission, LLC ("Sabal Trail"), instituted this action on March 18,

2016, seeking to condemn an easement interest on a property located in Osceola County, Florida.

Doc. No. 1.   Sabal Trail initially named B-K Ranch, L.C.; Gerald R. McGratty, Jr. as Receiver; Ben

_____

   [1] This motion was referred to me for decision.   Because this motion involves a withdrawal
of funds from the Court's registry I, in an abundance of caution, use a Report and Recommendation
to resolve this motion.

Benham; and Unknown Owners, if Any, as Defendants.  *Id.*  The complaint alleged that B-K Ranch owned the property, McGratty held a receivership interest in the property, and Benham had a tenancy interest in the property.  *Id.*  On October 3, 2016, the Court dismissed Mr. Benham as a Defendant, leaving only B-K Ranch and Mr. McGratty as named Defendants.  Doc. No. 59.[2]

Along with the complaint, Sabal Trail also filed a motion for partial summary judgment (Doc. No. 2) and a motion for preliminary injunction and immediate possession of the easement (Doc. No. 3), which motions were granted on June 7, 2016.  Doc. No. 40 (the "Injunction Order"). In the Injunction Order, the Court found that Sabal Trail had the right to condemn the easement, and that upon posting a security bond with the Clerk of Court in the amount of $448,000, it would have immediate access to, and possession of the easement.  *Id.*, at 3-4.

On June 14, 2016, the Court granted Sabal Trail's unopposed motion to deposit $448,000 in the Court's registry as security satisfying Federal Rule of Civil Procedure 65(c).  Doc. No. 44. Under the Court's Order, the funds were subject to apportionment among all parties having an interest in the property rights acquired by Sabal Trail in this action.  In addition, under the Order, Sabal Trail is to receive credit for the deposit of registry funds when final compensation is determined in this action by settlement or trial.  *Id.*

On June 16, 2016, B-K Ranch and Mr. McGratty filed a motion to withdraw funds from the Court's Registry.  Doc. No. 47.  I denied that motion without prejudice because B-K Ranch and Mr. McGratty had not demonstrated that their request was authorized.  Doc. No. 52.  I also noted

---

[2] As explained by Sabal Trail and Mr. McGratty, Mr. Benham is deceased and was incorrectly named as a defendant in this case. Rather, Mr. McGratty, as receiver for B-K Ranch, is the sole person entitled to the proceeds of this lawsuit.  *See* Doc. No. 53; Doc. No. 54-4.  In addition, I note that Sabal Trail completed the steps necessary to make service by publication (Doc. Nos. 25, 33), but no other parties claiming an interest in the property have come forward.

that withdrawal would not be appropriate until Mr. Benham's interest in the property had been determined by judgment or settlement. *Id.*

On August 16, 2016, B-K Ranch and Mr. McGratty filed the instant Unopposed Amended Motion to Withdraw Funds from the Court Registry. Doc. No. 54. With the motion, they filed several exhibits: (1) the transcript of an omnibus hearing conducted by the Honorable Roy B. Dalton, Jr., on May 23, 2016 (Doc. No. 54-2); (2) an affidavit from Kent L. Hipp, Esq., attorney for B-K Ranch and Mr. McGratty (Doc. No. 54-3); (3) an affidavit from Mr. McGratty (Doc. No. 54-4); and (4) the transcript of a hearing from a similar case involving Sabal Trail in the Jacksonville Division of this Court (Doc. No. 54-5). Sabal Trail does not oppose the motion. The motion to withdraw funds has been referred to me, and it is now ripe for decision.

## II. ANALYSIS.

B-K Ranch and Mr. McGratty request that the Court distribute the $448,000 deposited in the Court's Registry, along with accrued interest, subject to an administrative handling fee, to the trust account of their attorneys' law firm. Doc. No. 54. As argued by B-K Ranch and Mr. McGratty, the plain language of Federal Rule of Civil Procedure 71.1(j)(2) contemplates a pre-award distribution. *See Sabal Trail Transmission, LLC v. 3.857 Acres of Land in Osceola Cty. Florida*, No. 6:16-cv-470-Orl-41DCI, Doc. No. 40, at 2 (M.D. Fla. Aug. 16, 2016). In addition, B-K Ranch and Mr. McGratty have submitted evidence showing that, when the parties agreed that Sabal Trail would deposit funds into the Court's Registry, the parties contemplated a pre-award distribution. *See, e.g.*, Doc. No. 54, at 3 (explaining that, pursuant to a stipulation between Sabal Trail and B-K Ranch and Mr. McGratty, Sabal Trail would deposit funds into the Court Registry and such funds would be available to these Defendants subject to apportionment claims, if any); Doc. No. 54-2, at 10-11 (discussing the stipulations that led to Sabal Trail making deposits into the Court's Registry);

Doc. No. 54-3: Hipp Affidavit ¶¶ 4-8 (same).   In a similar case, with similar evidence, the presiding district judge in this case has approved the withdrawal of funds from the Court's Registry.   *See Sabal Trail*, Case No. 6:16-cv-470-Orl-41DCI, Doc. No. 40; *see also Sabal Trail Transmission, LLC v. +/- 2.769 Acres of Land in Osceola Cty. Florida*, Case No. 6:16-cv-460-Orl-37DCI, Doc. No. 49 (M.D. Fla. July 15, 2016) (granting motion to withdraw registry funds after filing of similar amended motion to withdraw supported by similar evidence).   Finally, Mr. Benham has now been dismissed as a party to this case.   Doc. No. 59.   Thus, B-K Ranch and Mr. McGratty have remedied the deficiencies in their first motion to withdraw funds, and I recommend that the Court grant their amended motion to withdraw funds from the Court's Registry.

## III.   RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(1)    **GRANT** the Unopposed Amended Motion to Withdraw Funds from the Court Registry (Doc. No. 54); and

(2)    **DIRECT** the Clerk of Court to disburse the principal amount deposited into the Registry of the Court in the amount of $448,000.00, along with accrued interest, subject to an administrative handling fee, to the GrayRobinson P.A. Trust Account and mail that amount to GrayRobinson P.A. Trust Account, c/o Kent L. Hipp, Esq., P.O. Box 3068, Orlando, Florida 32802-3068.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

　　　Recommended in Orlando, Florida on October 11, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy